### STATE OF CONNECTICUT *v.* JAMEL BURKE
### (SC 16105)

McDonald, C. J., and Borden, Norcott, Palmer and Vertefeuille, Js.

Argued March 23—officially released August 15, 2000

*Theresa M. Dalton*, senior assistant public defender, for the appellant (defendant).

*Ellen A. Jawitz*, assistant state's attorney, with whom were *Susann E. Gill*, senior assistant state's attorney, and, on the brief, *John A. Connelly*, state's attorney, and *Maureen M. Keegan*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

MCDONALD, C. J. After a jury trial, the defendant, Jamel Burke, was convicted of felony murder in violation of General Statutes § 53a-54c[1] and burglary in the third degree in violation of General Statutes § 53a-103 (a).[2] The trial court sentenced the defendant to a term of imprisonment of forty-eight years. The defendant appealed to the Appellate Court, which affirmed the judgment of conviction.[3] *State* v. *Burke*, 51 Conn. App. 798, 725 A.2d 370 (1999). The defendant then petitioned for certification to appeal to this court, which denied the petition. *State* v. *Burke*, 248 Conn. 912, 732 A.2d 180 (1999). Upon reconsideration, however, this court granted the defendant's petition for certification, lim-

[1] General Statutes § 53a-54c provides in relevant part: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, aggravated sexual assault in the first degree, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants . . . ."

[2] General Statutes § 53a-103 (a) provides: "A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

[3] The Appellate Court held, inter alia, that self-defense is not available as a defense to a charge of felony murder. *State* v. *Burke*, 51 Conn. App. 798, 803, 725 A.2d 370 (1999).

ited to the following issue: "Did the Appellate Court properly conclude that the defense of self-defense does not apply to a charge of felony murder as a matter of law?" *State* v. *Burke*, 249 Conn. 901, 732 A.2d 775 (1999).

The Appellate Court opinion sets forth the following relevant facts. "The jury reasonably could have found the following facts. On May 27, 1995, the victim, John J. Walsh, Jr., was working at the Fox Cafe as a doorman. A Fox Cafe employee found the victim on the ground in the Fox Cafe parking lot with blood flowing from his right temple. The victim was taken to the Waterbury Hospital emergency room where he was subsequently removed from life support.

"On the basis of a tip, the police questioned David Monell regarding the homicide. After questioning Monell, the police obtained a search and seizure warrant for the defendant's person and residence. The police brought the defendant to the police station, where he gave the police a written, signed statement. The defendant indicated that on May 27, 1995, while at a party, he and Monell talked about breaking into a car to obtain a car stereo. They drove to the Fox Cafe where they noticed a Dodge Caravan with a car stereo and an alarm. They pulled into the parking lot next to the Fox Cafe, and the defendant approached the Caravan with a flashlight and a screwdriver while Monell waited in his car. Using the screwdriver, the defendant popped the front passenger window, setting off the car alarm, and reached in to open the Caravan door.

"The defendant quickly removed the car stereo from the Caravan using the screwdriver and started to walk back to Monell's car when he heard the victim running after him. The defendant threw the stereo at the victim to stop him. The victim kept running, however, and tackled the defendant. A struggle ensued, during which the defendant swung both fists at the victim until he

stopped struggling. When the defendant returned to Monell's car, he noticed that he still had the screwdriver in his hand and figured that [he] stuck the . . . guy with the screwdriver. The defendant left the scene in Monell's car and returned to the party. The defendant told Monell that he thought that he might have stabbed the guy." (Internal quotation marks omitted.) *State* v. *Burke*, supra, 51 Conn. App. 800–801.

On appeal to the Appellate Court, the defendant argued that the trial court had instructed the jury improperly on his claim of self-defense. The Appellate Court rejected this argument, relying on its holding in *State* v. *Amado*, 42 Conn. App. 348, 362, 680 A.2d 974 (1996), cert. granted, 242 Conn. 906, 697 A.2d 368 (1997), that self-defense is not legally cognizable as a valid defense to a felony murder charge. We recently affirmed the Appellate Court's judgment in *State* v. *Amado*, 254 Conn. 184, 189, 756 A.2d 274 (2000), and held that, as a matter of law, a defendant convicted of felony murder may not rely on a claim of self-defense. Thus, we conclude that the Appellate Court in this case properly concluded that the defense of self-defense does not apply to a charge of felony murder.

The judgment is affirmed.

In this opinion the other justices concurred.